IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 14 2014
PER _____
DEPUTY CLERK

HECTOR RENGIFO, III,  :
    Petitioner  :
      :
v.  :    CIVIL NO. 3:CV-14-2151
      :
COMMONWEALTH OF PENNSYLVANIA,  :    (Judge Conaboy)
      :
    Respondent  :

## MEMORANDUM
### Background

    Hector Rengifo, III,[1] an inmate presently confined at the Perry County Prison, New Bloomfield, Pennsylvania, filed this <u>pro se</u> habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed <u>in forma pauperis</u> will be granted for the sole purpose of the filing of this action with this court.

    According to the Petition and accompanying exhibits, Rengifo was arrested in York County Pennsylvania during 1998 and charged with possession with intent to deliver marijuana and possession of drugs. He was initially represented by Attorney David MacVeigh.[2] An arraignment was conducted on August 21, 1998

---

    [1] Some documents submitted by Petitioner refer to him as Hector Rengifo, Jr.

    [2] The docket indicates that MacVeigh was employed by the Public defender's Office. <u>See</u> Doc. 1-1, p. 7, Oct. 5, 1998 entry

1

in the York County, Pennsylvania Court of Common Pleas. The matter was scheduled for trial on October 13, 1998. After Petitioner failed to appear, a bench warrant was issued for his arrest.

A bench warrant hearing was held in the Court of Common Pleas on January 13, 1999. The submitted transcript of that proceeding indicates that Petitioner was represented by Assistant Public Defender David Cook. See Doc. 1-1, p. 1. The Petitioner entered a negotiated guilty plea during that proceeding and was sentenced to time served[3] to a twelve (12) month term of imprisonment.[4] There is no indication that Petitioner filed a direct appeal or sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[5] It is unclear how much time Petitioner served, however, he clearly acknowledges that his sentence is expired. See Doc. 1, p. 2.

---

[3] Petitioner had already been incarcerated for two and a half months at the time he entered his plea. He also testified that he had discussed the plea offer with his attorneys.

[4] The record also indicates that Atty. MacVeigh filed a suppression motion which was pending at the time Petitioner entered his guilty plea.

[5] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

In his pending action, Petitioner claims that he entered his guilty plea without the assistance of legal counsel. He vaguely contends that the transcript of the proceeding which indicates that he was represented "was an error or subterfuge." Doc. 1, p. 1. Rengifo indicates that he wishes to challenge his plea because he was under the impression that he was pleading to a misdemeanor and not a felony charge and that he would not have done so if counsel was present. He vaguely asserts that his felony "should have most probably been graded as a misdemeanor." Id. at p. 3.

Petitioner asserts that he did not become aware of this violation of his constitutional rights until 2014 and sought relief in the Court of Common Pleas via submission of a petition for writ of coram nobis which was summarily denied on May 28, 2014.[6]

Petitioner adds that he is presently in "federal custody." Doc. 1, p. 2. A review of the electronic criminal docket of the Middle District of Pennsylvania confirms that Petitioner entered a guilty plea on October 4, 2014 to a drug related charge before the Honorable Sylvia Rambo of this Court. See United States v. Rengifo, 1:13-cr-131 (M.D. Pa. Oct. 4, 2014).

---

[6] "Coram nobis is an extraordinary remedy traditionally used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for § 2255 purposes." United States v. Dent, 2005 WL 1414383 *2 (3d Cir. June 17, 2005).

However, there is no argument by Rengifo that he is presently serving a federal sentence which was enhanced or negatively impacted by the 1999 guilty plea and resulting sentence which are the subject of this federal habeas corpus action.

**Discussion**

As discussed above, Rengifo's present Petition acknowledges he has completed service of his 1999 state sentence which is the subject of this pending action.[7] Pursuant to § 2241(c)(1) a habeas petitioner must make a showing that he is "in custody under or by color of the authority of the United States." See also Carfas v. LaVallee, 391 U.S. 234, 238 (1968)(a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted).

In Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court established that if a prior expired sentence which was no longer open to direct or collateral review in its own right is used to enhance a federal sentence, the prior expired sentence is not open to collateral attack via a motion under 28 U.S.C. § 2255. In reaching that determination, the Supreme Court stressed the need for finality of convictions and ease of administration.

---

[7] The Petition appears to be dated November 4, 2014 and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

4

A subsequent Supreme Court ruling, <u>Lackawanna County v. Coss</u>, 532 U.S. 394 (2001), addressed Coss' challenge to a 1986 state conviction which he was no longer serving. Specifically, Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 state sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions and ease of administration, held that a habeas petitioner may not collaterally attack a prior state conviction which is no longer open to direct or collateral review in its own right unless there was a failure to appoint counsel under the Sixth Amendment. <u>See</u> <u>id</u>. at 403-04.

As noted by the Supreme Court in <u>Daniels</u>, habeas corpus and similar collateral remedies "are not available indefinitely and without limitation." <u>Daniels</u>, 532 U.S at 375. The Court in <u>Coss</u> noted that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies (or because the defendant did so unsuccessfully) the conviction may be regarded as conclusively valid." <u>Coss</u>, 532 U.S. at 403. <u>See also</u> <u>Maleng</u>, 490 U.S. at 492 (federal habeas corpus relief should not be extended "where a habeas petitioner suffers no present restraint from a conviction.").

The present Petition acknowledges that Rengifo fully completed service of the time served to 12 month York County sentence that was imposed in January 1999 prior to his initiation of this § 2254 action. Furthermore, Rengifo offers no

explanation for his failure to timely pursue his pending claim. Second, the transcript of the January 13, 1999 bench warrant hearing which has been submitted by Petitioner clearly provides that he was represented by a York County Assistant Public Defender when he entered his plea. Petitioner offers no viable explanation whatsoever as to why a court reporter would falsely transcribe that Assistant Public Defender Attorney Cook was present and representing the defendant's interests.

The transcript also shows that the Court of Common Pleas conducted a standard colloquy with Rengifo before accepting his plea. During which the court specifically asked Petitioner if he had enough time to discuss the plea with his lawyers and whether he was satisfied with the representation which he received. See Doc. 1-1, pp. 4-5. The Court of Common Pleas also inquired of the Petitioner as to whether he understood that by entering a guilty plea he giving up his right to be heard on the motion to suppress which had been filed on Petitioner's behalf by Atty. MacVeigh. Rengifo answered in the affirmative to all of those questions. The questioning undertaken by the state court as well as Rengifo's answers clearly undermines any Coss-type contention that there was a failure to appoint counsel during his state criminal prosecution.

Furthermore, since Petitioner has not yet been sentenced by Judge Rambo this is not a situation where a habeas petitioner is seeking to challenge a current federal sentence on the grounds that it was increased/enhanced by an expired conviction and

sentence.[8] In conclusion, Rengifo's present § 2254 petition cannot be entertained by this Court. Accordingly, under the standards developed in <u>Maleng</u>, <u>Daniels</u>, and <u>Coss</u>, the petition for writ of habeas corpus is subject to dismissal.[9]

                        /s/ Richard P. Conaboy
                        RICHARD P. CONABOY
                        United States District Judge

DATED: NOVEMBER 14, 2014

---

[8] The docket of Petitioner's federal criminal proceedings before Judge Rambo indicates that a draft presentence investigation report was docketed on November 5, 2014.

[9] It is also apparent the there are clearly exhaustion of state remedies and timeliness hurdles which exist in this matter.

7